UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EDWARD JOHNSON (#73237)**  **CIVIL ACTION**

**VERSUS**

**18-922-SDD-RLB**

**LOUISIANA DEPARTMENT OF CORRECTION AND PUBLIC SAFETY**

**ORDER**

A review of the record in this matter reveals that the defendant was served on December 5, 2019 but has not filed any responsive pleadings. *See* R. Doc. 9. Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. The United States Court of Appeals for the Fifth Circuit has adopted a three-step process for the entry of default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). A default has occurred in this matter due to the defendant's failure to file responsive pleadings.

Second, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.; New York Life*, 84 F.3d at 141. The plaintiff has not yet filed a request for the Clerk of Court to enter the default due to the defendant's failure to file responsive pleadings.

Third, a party may apply to the Court for a default judgment <u>after</u> an entry of default by the Clerk of Court. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141. This would be requested by the plaintiff after the Clerk of Court enters the defendant's default upon request of the plaintiff as set forth in the second step above.

After a party files a motion for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, the Court must ascertain if the entry of default judgment is procedurally justified. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the Court would think itself obliged to set aside the default on a motion by defendant. *Id.* Default judgments are disfavored due to a strong policy in favor of decisions on the merits and against resolution of cases through default judgments. *Id.* Default judgments are "available only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citation omitted).

Second, the Court must determine whether the plaintiff's complaint sufficiently sets forth facts establishing that it is entitled to relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016). A default judgment may be supported by "well-pleaded allegations, assumed to be true." *Id.* (citing *Thomson v. Wooster*, 114 U.S. 104, 5 (1885)). The defendant, however, is "not held to admit facts that are not well-pleaded or admit to conclusions of law." *Id.*

The instant matter is at a standstill due to the defendant's failure to file responsive pleadings and the plaintiff's failure to seek a default judgment as set forth above. Accordingly,

**IT IS ORDERED** that, on or before **May 3, 2021**, the plaintiff shall begin the process of seeking a default judgment against the defendant by filing a request for the clerk to enter the

defendant's default. Failure to do so will result in dismissal of this action pursuant to Local Rule 41(b) for lack of prosecution.

    Signed in Baton Rouge, Louisiana, on April 12, 2021.

                                       **RICHARD L. BOURGEOIS, JR.**
                                       **UNITED STATES MAGISTRATE JUDGE**