## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EDWARD JOHNSON (#73237)**     **CIVIL ACTION**

**VERSUS**

**18-922-SDD-RLB**

**LOUISIANA DEPARTMENT OF CORRECTION AND PUBLIC SAFETY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 28, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD JOHNSON (#73237)                                      CIVIL ACTION

VERSUS

                                                             18-922-SDD-RLB

LOUISIANA DEPARTMENT OF CORRECTION
AND PUBLIC SAFETY

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* plaintiff, an inmate confined at the Elayn Hunt Correctional Center, filed this proceeding pursuant to 42 U.S.C. § 1983 the Louisiana Department of Correction and Public Safety alleging a violation of his constitutional rights in connection with his parole proceedings. He prays for injunctive relief.

On December 5, 2019, the only named defendant was served. *See* R. Doc. 9. On or about January 31, 2020, the plaintiff filed a motion wherein the plaintiff requested that the Department of Corrections be ordered to appear and show cause as to why the plaintiff should not be released from custody. The plaintiff asserted therein that since the filing of his Complaint he had not received a response from the defendant. *See* R. Doc. 10.

In the Order denying the plaintiff's Motion (R. Doc. 10), the Court noted that the defendant had been served and had not filed an answer and stated, "However, the plaintiff's remedy in the instant matter is not the relief he has requested. Instead failure to plead or otherwise defendant is addressed by Federal Rule of Civil Procedure 55 which pertains to defaults and default judgments." *See* R. Doc. 11. As such, by January 31, 2020, the plaintiff was aware that the defendant had been served and had not responded, and by March 17, 2020 was informed that his proper remedy was to seek a default judgment.

The plaintiff did not seek a default judgment or take any other action in this matter until ordered to do by the Court. On August 14, 2020 the Court ordered the plaintiff to show cause why his action should not be dismissed pursuant to Local Rule 41(b) for lack of prosecution where no responsive pleadings have been filed or no default has been entered within sixty days after service of process. *See* R. Doc. 12.

On or about September 2, 2020, the plaintiff filed an untimely response asserting that he is unlearned in the law and in need of legal assistance. *See* R. Doc. 13. On or about September 14, 2020, the plaintiff filed a second untimely response based on the same assertions of ignorance of the law and the need for legal assistance. *See* R. Doc. 14.

On April 12, 2021 the Court issued an Order, which included a recitation of the law regarding default, wherein the plaintiff was ordered to, on or before May 3, 2021, begin the process of seeking a default judgment against the defendant by filing a request for the clerk to enter the defendant's default. The Court further warned that failure to do so would result in dismissal of this action pursuant to Local Rule 41(b) for lack of prosecution. *See* R. Doc. 15. The plaintiff has failed to respond to the Court's directive. Accordingly, dismissal without prejudice is appropriate in this matter.

## RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, for failure to prosecute.

Signed in Baton Rouge, Louisiana, on June 28, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**